*69 OPINION.
Littleton:
We are satisfied from the evidence that the debt of $1,000. due the petitioner from Fink was properly determined to be *70 worthless and charged off within the year 1921, and was, therefore, a proper deduction from gross income.
Petitioner claims that to the items of automobile expense herein-before set forth there should be added $1,000 for exhaustion, wear and tear, making a total of $2,971.31, and that one-half of this amount was a proper deduction from his gross income for 1921 as ordinary and necessary business expense. That portion of the cost of upkeep and operation of the automobiles which was properly chargeable against their use by the petitioner in going between his home and. his office was not an ordinary and necessary expense. Appeal of Frank H. Sullivan, 1 B. T. A. 93. The evidence as to the extent to which the automobiles were used by petitioner strictly in connection with his profession is not sufficient to enable the Board to determine what portion, if any, of the total expense should be allocated thereto. We therefore approve the Commissioner’s dis-allowance of this item.
The Board can not determine from the evidence whether or not the petitioner sustained a deductible loss in 1921 on the sale of the property mentioned. We can determine the cost thereof in 1901 and the sales price in 1921, but we have no evidence of the cost of additions or of the value of the property on Marcli 1, 1913. Without this information we can not say that petitioner sustained a deductible loss of $500 or any other amount on the sale.
In view of this we affirm the Commissioner’s determination in this regard.
Judgment will be entered after 15 days’ notice, u/nder Rule 50.